IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHANDA CATCHINGS, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-4192 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

NOW COMES the Plaintiff, CHANDA CATCHINGS, an individual, by and through her attorneys, Lavelle Law, Ltd., and for her Complaint against the Defendant, WALMART, INC., states and alleges as follows:

## Nature of the Action

This is an action, under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the Civil Rights Act of 1991, and the Illinois Human Rights Act ("IHRA") to correct unlawful employment practices based on religion and to provide appropriate relief to the Plaintiff, CHANDA CATCHINGS ("Catchings"), a Pentecostal employee of Walmart ("Walmart"). Specifically, Walmart, Inc. discriminated against Catchings by refusing to accommodate her request not to work on Sundays and by constructively discharging her from her employment in retaliation for seeking that accommodation.

## Jurisdiction and Venue

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C.

§ 1981a, and Section 10-102 of the IHRA, 775 ILCS 5/10-102(A)(2).

2. This Court has supplemental jurisdiction over Catchings' state law claims pursuant to 28 U.S.C. § 1367 because they are substantially related to her federal claims.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

### Parties

4. Catchings is a black female and a resident and citizen of Will County, Illinois.

5. Catchings is also an adherent of the Pentecostal faith.

6. At all relevant times, Walmart has continuously been and is now a Delaware corporation that operates numerous stores throughout the nation, including Store #4531, located at 420 Weber Road in Romeoville, Illinois. Walmart, Inc. has continuously been and is now doing business in the State of Illinois and the City of Romeoville, and has continuously had at least fifteen (15) employees.

7. At all relevant times, Walmart, Inc. has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

8. At all relevant times, Walmart was the "employer" of Catchings and she was its "employee" as those terms are used and defined in Sections 5/2-101(A) and (B) of the IHRA, 775 ILCS 5/2-101(A) and (B).

### Administrative Procedures

9. More than 30 days before institution of this lawsuit, Catchings filed a charge with the Equal Employment Opportunity Commission ("EEOC") and Illinois

Department of Human Rights alleging Walmart had violated Title VII and the IHRA.

10. On or about March 31, 2020, the EEOC issued to Catchings and Walmart a Letter of Determination finding reasonable cause to believe Walmart violated Title VII and inviting Walmart to join with Catchings and the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. On May 12, 2021, the EEOC issued to Walmart a Notice of Conciliation Failure advising Walmart the EEOC was unable to secure a conciliation agreement acceptable to Catchings.

12. Catchings received her Right-to-Sue letter from the EEOC relating to those charges on May 14, 2021.

13. Catchings files this Complaint within ninety (90) days of her receipt of the Right-to-Sue letter from the EEOC.

14. Catchings has exhausted her state and federal administrative remedies, and is timely filing this suit and all conditions precedent to the institution of this lawsuit have been fulfilled.

### Count I
### Violation of 42 U.S.C. § 2000e-2(a)(1)

15. On or about February 21, 2004, Catchings began her employment with Walmart as a staff pharmacist.

16. When she was hired, Catchings informed Walmart she did not want to work on Sundays so she could attend worship services.

17. Walmart initially accommodated this request by only having Catchings work the third Sunday of every month.

18. On December 19, 2009, Catchings transferred her job from the Walmart in Joliet,

3

Illinois to Store Number 4531 located at 420 Weber Road, Romeoville, Illinois.

19. Beginning in 2015, Catchings began requesting to have Sundays off so she could attend worship services, as Walmart was now requiring her to work more than just the third Sunday of every month.

20. Walmart's then Health and Wellness Manager, Ivan Colorato ("Colorato"), told Catchings days off on Sundays would "never happen."

21. As a result of these requests, Catchings' supervisors fabricated disciplinary write-ups of her in 2015 and 2016, the second of which was, allegedly, "canceled," and downgraded Catchings' performance reviews, which previously had all been exemplary.

22. In February of 2016, Catchings attempted to transfer from the Romeoville store to Sam's Club, a Walmart company, in Hodgkins, Illinois, because Sam's Club is not open on Sundays.

23. Colorato and Jade Huizenga ("Huizenga"), the Romeoville store's Pharmacy Manager, both of whom were Catchings' supervisors, took actions to block this transfer.

24. Due to Walmart's failure to accommodate her request to have Sundays off to attend worship services, Catchings resigned her position with Walmart on June 28, 2016, as the conditions at Walmart were intolerable.

25. Fadi Musleh ("Musleh"), the new Health and Wellness Manager, and Huizenga asked Catchings to stay on for two weeks until a replacement could be found.

26. Catchings agreed to stay on, but when she informed Musleh and Huizenga she would not be able to work weekends, Musleh informed her she would have to use her paid time off on weekends.

27. Catchings employment with Walmart ended on July 15, 2016.

4

28. Beginning in 2015 and continuing until her employment with it terminated, Walmart engaged in unlawful employment practices relating to its Walmart Supercenter, Store #4531, located at 420 Weber Road, Romeoville, Illinois, in violation of Title VII, by denying Catchings reasonable request for religious accommodation and retaliating against her by:

    (a) Failing to accommodate Catchings requests not to work on Sundays so she could attend religious worship services;

    (b) Fabricating disciplinary actions and downgrading Catchings' performance reviews because of her requesting a religious accommodation;

    (c) Preventing or denying Catchings from transferring to Sam's Club or another pharmacist position within Walmart not requiring Catchings to work on Sundays; and

    (d) Constructively discharging Catchings by failing to accommodate her request for religious accommodation and demanding she use paid time off for Sundays away from work.

29. The effect of the practices complained of in paragraph 28 has been to deprive Catchings of equal employment opportunities because of her religion, in violation of Title VII.

30. The unlawful employment practices complained of in paragraph 28 were intentional.

31. The unlawful employment practices complained of in paragraph 28 were done with malice or with reckless indifference to Catchings' federally protected rights.

### Prayer for Relief

NOW, WHEREFORE, the Plaintiff, CHANDA CATCHINGS, respectfully requests that this Court:

      A.      Order Walmart to make CATCHINGS whole by providing appropriate back pay with pre- and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraph 28 above;

      B.      Order Walmart to make CATCHINGS whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraph 28 above, including (but not limited to) emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

      C.      Order Walmart to pay CATCHINGS punitive damages for its malicious and reckless conduct described in paragraph 28 above, in an amount to be determined at trial;

      D.      Award CATCHINGS her costs and attorney's fees in prosecuting of this action; and

      E.      For such other and further relief as this Court deems just and proper.

## Count II
## Violation of the Illinois Human Rights Act, 775 ILCS 5/2-102(A)

32.      Catchings reallages and incorporates by reference Paragraphs 1 through 27 as her Paragraph 32 of Count II as though fully set forth herein.

33.      Beginning in 2015 and continuing until her employment with it terminated, Walmart engaged in unlawful employment practices relating to its Walmart Supercenter, Store #4531, located at 420 Weber Road, Romeoville, Illinois, in violation of the IHRA, by denying Catchings reasonable request for religious accommodation and retaliating against her by:

      (a)      Failing to accommodate Catchings requests not to work on Sundays

so she could attend religious worship services;

(b) Fabricating disciplinary actions and downgrading Catchings' performance reviews because of her requesting a religious accommodation;

(c) Preventing or denying Catchings from transferring to Sam's Club or another pharmacist position within Walmart not requiring Catchings to work on Sundays; and

(d) Constructively discharging Catchings by failing to accommodate her request for religious accommodation and demanding she use paid time off days for Sundays away from work.

34. The effect of the practices complained of in paragraph 33 has been to deprive Catchings of equal employment opportunities because of her religion, in violation of Title VII.

35. The unlawful employment practices complained of in paragraph 33 were intentional.

36. The unlawful employment practices complained of in paragraph 33 were done with malice or with reckless indifference to Catchings' state protected rights.

## **Prayer for Relief**

NOW, WHEREFORE, the Plaintiff, CHANDA CATCHINGS, respectfully requests that this Court:

A. Order Walmart to make CATCHINGS whole by providing appropriate back pay with pre- and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraph 33 above;

B. Order Walmart to make CATCHINGS whole by providing compensation for

past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraph 33 above, including (but not limited to) emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

      C.     Order Walmart to pay CATCHINGS punitive damages for its malicious and reckless conduct described in paragraph 33 above, in an amount to be determined at trial;

      D.     Award CATCHINGS her costs and attorney's fees in prosecuting of this action; and

      E.     For such other and further relief as this Court deems just and proper.

                                             Respectfully submitted,
                                             CHANDA CATCHINGS

                                             /s/ Lance C. Ziebell
                                             By: one of her attorneys

Lance C. Ziebell - 6298037
Lavelle Law, Ltd.
Suite 600
1933 North Meacham Road
Schaumburg, Illinois 60173
*Telephone*: 847-705-7555
*E-mail*: lziebell@lavellelaw.com
S:\14251-14500\14470\Pleadings\complaint.2.docx