**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CHANDA CATCHINGS,** | |
| Plaintiff, | Case No. 21-cv-04192 |
| v. | Judge Franklin U. Valderrama |
| **WALMART, INC.,** | Magistrate Judge Heather K. McShain |
| Defendant. | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, Walmart Inc., ("Defendant"), by and through its attorneys Littler Mendelson,

P.C., hereby submits its Answer and Affirmative Defenses to the Complaint of Plaintiff Chanda

Catchings ("Plaintiff") as follows:

**NATURE OF THE ACTION**

This is an action, under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of
the Civil Rights Act of 1991 [sic], and the Illinois Human Rights Act ("IHRA") to correct unlawful
employment-practices based on religion and to provide appropriate relief to the Plaintiff,
CHANDA CATCHINGS ("Catchings"), a Pentecostal employee of Walmart ("Walmart").

Specifically, Walmart, Inc. discriminated against Catchings by refusing to accommodate
her request not to work on Sundays and by constructively discharging her from her employment
in retaliation for seeking that accommodation.

**ANSWER:** Defendant admits that Plaintiff purports to bring claims under Title VII of

the Civil Rights Act of 1964 ("Title VII") and the Illinois Human Rights Act ("IHRA") but denies

that it violated Title VII, the IHRA, or any other laws. Defendant is without sufficient knowledge

or information to admit or deny the allegations relating to Plaintiff's religion and on that basis

denies this allegation. Defendant denies the remaining allegations set forth in the Nature of the

Action.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to Sections 706(t)(l) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(l) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 10-102 of the IHRA, 775 ILCS 5/10-102(A)(2).

**ANSWER:**      Defendant admits that this Court has jurisdiction but denies that it engaged in any conduct giving rise to such jurisdiction.  Defendant denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2.      This Court has supplemental jurisdiction over Catchings' state law claims pursuant to 28 U.S.C. § 1367 because they are substantially related to her federal claims.

**ANSWER:**      Defendant admits that this Court has jurisdiction over the claims asserted in Plaintiff's Complaint but denies that it engaged in any conduct giving rise to such jurisdiction. Defendant denies the remaining allegations set forth in Paragraph 2 of the Complaint.

3.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**ANSWER:**      Defendant admits that this action properly lies in the Northern District of Illinois, Eastern Division.  Defendant denies that it committed any unlawful employment practices or other illegal conduct giving rise to any claim occurring in this judicial district.  Defendant denies the remaining allegations set forth in Paragraph 3 of the Complaint.

## PARTIES

4.      Catchings is a black female and a resident and citizen of Will County, Illinois.

**ANSWER:**      On information and belief, Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5.      Catchings is also an adherent of the Pentecostal faith.

**ANSWER:**      Defendant is without sufficient knowledge or information to admit or deny the allegations relating to Plaintiff's religion and on that basis denies this allegation.

6.      At all relevant times, Walmart has continuously been and is now a Delaware corporation that operates numerous stores throughout the nation, including Store #4531, located at 420 Weber Road in. Romeoville, Illinois. Walmart, Inc. has continuously been and is now doing business in the State of Illinois and the City of Romeoville and has continuously had at least fifteen (15) employees.

**ANSWER:**      Defendant admits Paragraph 6 of the Complaint.

7.      At all relevant times, Walmart, Inc. has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

**ANSWER:**      Paragraph 7 contains legal conclusions to which a response is not required.

To the extent a response is required, Defendant admits that it employed Plaintiff. Defendant denies

the remaining allegations set forth in Paragraph 7 of the Complaint.

8.      At all relevant times, Walmart was the "employer" of Catchings and she was its "employee" as those terms are used and defined in Sections 5/2-10 I (A) and (B) of the IHRA, 775 ILCS 5i2-101(A) and (B).

**ANSWER:**      Paragraph 8 contains legal conclusions to which a response is not required.

To the extent a response is required, Defendant admits that the operating entity of the Store where

Plaintiff worked is Wal-Mart Stores East, LP but does not otherwise deny the allegations contained

in Paragraph 8.

## ADMINISTRATIVE PROCEDURES

9.      More than 30 days before institution of this lawsuit, Catchings filed a charge with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights alleging Walmart had violated Title VII and the IHRA.

**ANSWER:**      Defendant admits that Plaintiff filed a charge of employment discrimination

with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Illinois Department

of Human Rights ("IDHR") more than 30 days before filing the instant lawsuit. Defendant denies

the remaining allegations set forth in Paragraph 9 of the Complaint.

10.      On or about March 31, 2020, the EEOC issued to Catchings and Walmart a Letter of Determination finding reasonable cause to believe Walmart violated Title VII and inviting Walmart to join with Catchings and the EEOC in informal methods of conciliation to endeavor to

eliminate the unlawful employment practices and provide appropriate relief.

**ANSWER:**    Defendant admits that the EEOC issued a Letter of Determination and that the document speaks for itself.  Defendant denies that it engaged in any conduct violating any law with respect to Plaintiff.

11.    On May 12, 2021, the EEOC issued to Walmart a Notice-of Conciliation Failure advising Walmart the EEOC was unable to secure a conciliation agreement acceptable to Catchings.

**ANSWER:**    Defendant admits that the EEOC issued a Notice of Conciliation Failure and that the document speaks for itself.  Defendant denies that it engaged in any conduct violating any law with respect to Plaintiff.

12.    Catchings received her Right-to-Sue letter from the EEOC relating to those charges on May 14, 2021.

**ANSWER:**    Defendant admits the that EEOC issued a Right to Sue letter and that the document speaks for itself.  Defendant denies that it engaged in any conduct violating any law with respect to Plaintiff.  Defendant is without sufficient knowledge or information to admit or deny the allegations relating to when Plaintiff received the Right to Sue letter and on that basis denies those allegations.

13.    Catchings files this Complaint within ninety (90) days of her receipt of the Right-to-Sue letter from the EEOC.

**ANSWER:**    Defendant admits that Catchings filed this Complaint on August 6, 2021. Defendant is without sufficient knowledge or information to admit or deny the allegations relating to when Plaintiff received the EEOC Right to Sue letter and on that basis denies those allegations.

14.    Catchings has exhausted her state and federal administrative remedies; and is timely filing this suit and all conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:**    Paragraph 14 contains legal conclusions to which a response is not required. To the extent a response is required, Defendant admits that Plaintiff filed a charge of discrimination

and received a Right to Sue Letter, which speaks for itself.

## COUNT L
## VIOLATION OF 42 U.S.C. § 2000E-2(A)(L)

15.     On or about February 21, 2004, Catchings began her employment with Walmart as a staff pharmacist.

**ANSWER:**     Defendant admits Paragraph 15 of the Complaint.

16.     When she was hired, Catchings informed Walmart she did not want to work on Sundays so she could attend worship services.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny

the allegations contained in Paragraph 16 and on that basis denies those allegations.

17.     Walmart initially accommodated this request by only having Catchings work the third Sunday of every month.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny

the allegations contained in Paragraph 17 and on that basis denies those allegations.

18.     On December 19, 2009; Catchings transferred her job from the Walmart in Joliet, Illinois to Store Number 4531 located at 420 Weber Road, Romeoville, Illinois.

**ANSWER:**     Defendant admits the allegations set forth in Paragraph 18 of the Complaint.

19.     Beginning in 2015, Catchings began requesting to have Sundays off so she could attend worship service, as Walmart was now requiring her to work more than just the third Sunday of every month.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny

the allegations contained in Paragraph 19 and on that basis denies those allegations.

20.     Walmart's then Health and Wellness Manager; Ivan Colorato ("Colorato"), told Catchings days off on Sundays would "never happen."

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21.     As a result of these requests, Catchings' supervisors fabricated disciplinary write-ups of her in 2015 and 2016, the second of which was, allegedly, "canceled," and downgraded Catchings' performance reviews, which previously had all been exemplary.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22.     In February of 2016, Catchings attempted to transfer from the Romeoville store to Sam's Club, a Walmart company, in Hodgkins, Illinois, because Sam's Club is not open on Sundays.

**ANSWER:**     Defendant is without sufficient knowledge or information to admit or deny

the allegations contained in Paragraph 22 and on that basis denies those allegations.

23.     Colorato and Jade Huizenga ("Huizenga"), the Romeoville store's Pharmacy Manager, both of whom were Catchings' supervisors, took actions to block this transfer.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Due to Walmart's failure to accommodate her request to have Sundays off to attend worship services, Catchings resigned her position with Walmart on June 28, 2016, as the conditions at Walmart were. intolerable.

**ANSWER:**     Defendant admits Plaintiff submitted her resignation on June 28, 2016 but

denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Fadi Musleh ("Musleh"), the new Health and Wellness Manager, and Huizenga asked Catchings to stay on for two weeks until a replacement could be found.

**ANSWER:**     Defendant admits that Musleh and Huizenga requested Plaintiff re-consider

her resignation or delay her departure while Walmart sought to replace her.  Defendant denies the

remaining allegations set forth in Paragraph 25 of the Complaint.

26.     Catchings agreed to stay on, but when she informed Musleh and Huizenga she would not be able to work weekends, Musleh informed her she would have to use her paid time off on weekends.

**ANSWER:**     Defendant admits that Musleh and Huizenga spoke with and emailed with

Catchings regarding her resignation, departure date, and ability to work weekends and the emails

speak for themselves.  Defendant denies the remaining allegations set forth in Paragraph 26 of the

Complaint.

27.     Catchings employment with Walmart ended on July 15, 2016.

**ANSWER:**     Defendant admits that Catching's last day of work was July 15, 2016.

28.     Beginning in 2015 and continuing until her employment with it terminated,

Walmart engaged in unlawful employment practices relating to its Walmart Supercenter, Store #4531, located at420 Weber Road, Romeoville, Illinois, in violation of Title VII, by denying Catchings reasonable request for religious accommodation and retaliating against her by:

    a.    Failing to accommodate Catchings requests riot to work on Sundays so she could attend religious worship services;

    b.    Fabricating disciplinary actions and downgrading Catchings' performance reviews because of her requesting a religious accommodation;

    c.    Preventing or denying Catchings from transferring to Sam's Club or another pharmacist position within Walmart not requiring Catchings to work on Sundays; and

    d.    Constructively discharging Catchings by failing to accommodate her request for religious accommodation and demanding she use paid time off for Sundays away from work.

    **ANSWER:**    Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

    29.    The effect of the practices complained of in paragraph 28 has been to deprive Catchings of equal employment opportunities because of her religion, in violation of Title VII.

    **ANSWER:**    Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

    30.    The unlawful employment practices complained of in paragraph 28 were intentional.

    **ANSWER:**    Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

    31.    The unlawful employment practices complained of in paragraph 28 were done with malice or with reckless indifference to Catchings' federally protected rights.

    **ANSWER:**    Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

## PRAYER FOR RELIEF

    NOW, WHEREFORE, the Plaintiff, CHANDA CATCHINGS, respectfully requests that this Court:

    A.    Order Walmart to make CATCHINGS whole by providing appropriate back pay with pre-, and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraph 28 above;

    B.    Order Walmart to make CATCHINGS whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraph 28 above, including (but not limited to) emotional pain, suffering, and

inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

C.      Order Walmart to pay CATCHINGS punitive damages for its malicious and reckless conduct described in paragraph 28 above, in an amount to be determined at trial;

D.      Award CATCHINGS her costs and attorney's fees in prosecuting of this action; and

E.      For such other and further relief as this Court deems just and proper.

**ANSWER:**      Defendant denies that Plaintiff is entitled to any relief whatsoever, including the relief sought in her Prayer for Relief Paragraph, and denies that this Court should enter judgment in favor. Defendant denies the remaining allegations set forth in the Prayer for Relief Paragraph of the Complaint.

## COUNT II
## VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT, 775 ILCS 5/2-102(A)

32.      Catchings realleges and incorporates by reference Paragraphs 1 through 27 as her Paragraph 32 of Count II as though fully set forth herein.

**ANSWER:**      Defendant incorporates by reference and asserts its Answers to Paragraphs 1 to 31 of the Complaint, inclusive, as its Answer to Paragraph 32 of the Complaint.

33.      Beginning in 2015 and continuing until her. employment with it terminated, Walmart engaged in unlawful employment practices-relating to its Walmart Supercenter, Store #4531, located at 420 Weber Road, Romeoville, Illinois, in violation of the IHRA, by denying Catchings reasonable request for religious accommodation and retaliating against her by:

a.      Failing to accommodate Catchings requests not to work on Sundays so she could attend religious worship services;

b.      Fabricating disciplinary actions and downgrading Catchings' performance reviews· because of her requesting a religious accommodation;

c.      Preventing or denying Catchings from transferring to Sam's Club, or another pharmacist position within Walmart not requiring Catchings to work on Sundays; and

d.      Constructively discharging Catchings by failing to accommodate her request for religious accommodation and demanding she use paid time off days for Sundays away from work.

**ANSWER:**      Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34.     The effect of the practices complained of in paragraph 33 has been to deprive Catchings of equal employment opportunities because of her religion, in violation of Title VII.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35.     The unlawful employment practices complained of in paragraph 33 were intentional.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36.     The unlawful employment practices complained of in paragraph 33 were done with malice or with reckless indifference to Catchings' state protected rights.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

**PRAYER FOR RELIEF**

NOW, WHEREFORE, the Plaintiff, CHANDA CATCHINGS, respectfully requests that this Court:

A.     Order Walmart to make CATCHINGS whole by providing appropriate back pay with pre- and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the w1lawful employment practices described in paragraph 33 above;

B.     Order Walmart to make CATCHINGS whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraph 33 above, including (but not limited to emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

C.     Order Walmart to pay CATCHINGS punitive damages for its malicious and reckless conduct described in paragraph 33 above, in an amount to be determined at trial;

D.     Award CATCHINGS her costs and attorney's fees in prosecuting of this action; and

E.     for such other and further relief as this Court deems just and proper.

**ANSWER:**     Defendant denies that Plaintiff is entitled to any relief whatsoever, including the relief sought in her Prayer for Relief Paragraph, and denies that this Court should enter judgment in favor.  Defendant denies the remaining allegations set forth in the Prayer for Relief Paragraph of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent that Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief may be granted, her claims are barred.

### SECOND DEFENSE

To the extent that Plaintiff failed to exhaust her administrative remedies, including, but not limited to, her failure to accommodate, discrimination, and wrongful termination claims are barred.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent, if any, they arose outside of the applicable statute of limitations.

### FOURTH DEFENSE

Any actions taken by Defendant were taken for legitimate, nondiscriminatory business reasons, and not on account of Plaintiff's religion, or any other protected category.

### FIFTH DEFENSE

To the extent that Plaintiff has failed to comply with the duty to mitigate her alleged damages, Plaintiff's damages are barred or limited.

### SIXTH DEFENSE

Plaintiff's claims for compensatory or any other damages are limited by the damages cap imposed by Title VII and the IHRA.

### SEVENTH DEFENSE

To the extent Plaintiff is seeking punitive damages, she is not entitled to such relief because the Complaint, and the claims set forth therein, fail to plead sufficient facts to support recovery of punitive damages.

**EIGHTH DEFENSE**

To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence or unclean hands, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

**NINTH DEFENSE**

Plaintiff's claims for punitive damages are barred because an award of punitive damages in this case would be unconstitutional under the United States and/or Illinois Constitution. Further, Defendant is not liable for punitive damages because it at all times made a good faith effort to comply with all applicable laws. Any actions taken by Defendant regarding Plaintiff were taken in good faith, in accordance with its internal policies against discrimination, harassment, and retaliation and applicable laws, and not taken wantonly or with malice or bad faith and/or reckless indifference to the Plaintiff's protected rights. Defendant therefore did not willfully violate any law with respect to its treatment of Plaintiff, thereby negating Plaintiff's entitlement to punitive damages. To the extent that Plaintiff cannot prove actual or punitive damages, she can only recover nominal damages.

**TENTH DEFENSE**

Plaintiff's claims are barred to the extent any actions about which Plaintiff's complains were taken by Defendant in good faith and Defendant had reasonable grounds for believing that its actions were, at all times, in compliance with all applicable laws.

**ELEVENTH DEFENSE**

Each and every action taken by Defendant with regard to Plaintiff's employment was based on reasonable factors other than her religion or any alleged protected activity.

**TWELFTH DEFENSE**

Defendant acted at all times in good faith, and Defendant consistently maintained, implemented, and enforced its policy in the workplace against discrimination, harassment, and retaliation and otherwise exercised reasonable care to prevent and correct promptly any claims of discrimination, harassment and/or retaliation to which Plaintiff claims she was subjected. Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities or to otherwise avoid harm.

**RESERVATION**

Defendant reserves the right to rely upon any additional defenses that may become available or apparent during the proceedings in this matter and hereby reserves its right to amend its Answer and assert any such defenses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Dated:          October 15, 2021                    Respectfully submitted,


                                                    /s/Michael A. Wilder
                                                         Michael A. Wilder #6291053

Michael Wilder ARDC# 6291053
mwilder@littler.com
Ariel M. Clarke ARDC# 6335703
aclarke@littler.com
Littler Mendelson, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
Phone: (312) 372-5520

**<u>CERTIFICATE OF SERVICE</u>**

I, Michael A. Wilder, an attorney, hereby certify that on October 15, 2021, I caused a true

and correct copy of the foregoing document to be filed electronically with the Clerk of the Court,

using the Court's CM/ECF system, and served via email upon all counsel of record:

> Lance C. Ziebell
> Lavelle Law Ltd.
> 1933 North Meacham Road, Suite 600
> Schaumberg, IL 60173
> Email: lziebell@lavellelaw.com

> */s/ Michael A. Wilder*
> Michael A. Wilder